# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Carlos German Lema Nogales, | ) | |
| | ) | Criminal Action No.: 6:12-cr-00328-JMC-2 |
| | ) | Civil Action No.: 6:15-cv-03044-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 714.) For the reasons stated herein, the court **DENIES WITH PREJUDICE** Petitioner's Motion (ECF No. 714).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2014, Defendant entered a guilty plea to conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana and five (5) or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(A) and 21 U.S.C. § 846.[1]  (ECF Nos. 591, 594.)  On July 29, 2014, after two separate sentencing hearings, Petitioner was sentenced to 120 months.  (ECF Nos. 669, 674.)  On or before July 29, 2015, Defendant filed a Motion to Vacate, Set Aside, or

---

[1] The court notes that during the plea hearing on January 13, 2014, the parties stated that Petitioner would only plead guilty to the conspiracy charge as to the five (5) kilograms of cocaine and no other drug substances.  (ECF No. 721 at 28:3-8.)  However, the plea agreement still mentioned the conspiracy charge as to the marijuana and during the sentencing hearing the parties referred to both the cocaine and marijuana.  (ECF No. 591 at 1; ECF No. 722 at 3:22-4:2; ECF No. 719 at 3:21-4:1.)

1

Correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.[2] (ECF No. 714.) On September 3, 2015, after receiving an extension (ECF No. 718), the Government responded (ECF No. 723) and moved for summary judgment (ECF No. 724). On November 23, 2015, after two extensions (ECF Nos. 730, 738), Petitioner replied to the Government's response. (ECF No. 748.)

## II. LEGAL STANDARD

A prisoner in federal custody and under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for the attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when "it plainly appears from the motion, any attached exhibits, and the record of prior proceeding, that the moving party is not entitled to relief." 28 U.S.C. § 2255(b).[3]

---

[2] Pursuant to the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266, 276 (1988), Petitioner's Motion was filed at least by July 29, 2015 because that is when Petitioner's Motion (ECF No. 714) was mailed from the prison's mailroom. (ECF No. 714-1 at 1.)

[3] Based on the record of the prior proceedings (ECF Nos. 719, 721, 722), Petitioner is not entitled to relief. Therefore, the court finds that a hearing is not required in this matter.

When evaluating ineffective assistance of counsel claims, a court must recognize a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A defendant must overcome the presumption that when the challenged action occurred it "might be considered a sound trial strategy." *Id.* This high standard requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial whose result is reliable." *Id.* at 687. "[Petitioner] must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial." *United States v. Brown*, 292 F. App'x 250, 251 (4th Cir. 2008) (unpublished opinion) (citing *Strickland*, 466 U.S. at 687-88)). "Under the first prong of *Strickland*, a defendant must demonstrate that counsel's performance 'fell below an objective standard of reasonableness' under prevailing professional norms." *Id.* (citing *Strickland*, 466 U.S. at 688). "To satisfy the second prong of *Strickland*, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citing *Strickland*, 466 U.S. at 694). For Petitioner to satisfy the second prong of *Strickland* having pleaded guilty, Petitioner must "demonstrate a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and instead would have gone to trial." *Christian v. Ballard*, 792 F.3d 427, 443-44 (4th Cir. 2015) (quoting *Premo v. Moore*, 562 U.S. 115, 129 (2011)) (internal quotations marks omitted).

"In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made [by Petitioner in this case] at the Rule 11 hearing, are binding 'absent clear and convincing evidence to the contrary.'" *Sanders v. United States*, No. 1:06CR30-01, 2008 WL 4279496, at *3 (W.D.N.C. Sept. 12, 2008) (quoting *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992)).

## III. ANALYSIS

Petitioner timely collaterally attacks his sentence, asserting that he received ineffective assistance of counsel. (ECF No. 714.) Petitioner pleaded guilty, but as a part of his plea agreement he is still able to bring a Section 2255 claim for ineffective assistance of counsel. (*See* ECF No. 591 at 10.) Petitioner asserts that his counsel was deficient in:

> (1) failing to point out his Fifth Amendment privilege against self-incrimination; (2) advising Petitioner to cooperate upon his arrest, even though Petitioner was allegedly under the influence of alcohol; (3) failing to "keep accurate and precise records" of Petitioner's interviews; (4) failing to properly investigate the case; (5) failing to advise Petitioner of a potential affirmative defense; (6) failing to adequately discuss the PSR; (7) failing to respond to Petitioner's letters and stating that counsel was not interested in defending him; and (8) failing to advise Petitioner of the consequences associated with his guilty plea. (ECF No. 714 at 4-5.)

In Petitioner's July 29, 2014 sentencing hearing, the court commented that Petitioner's counsel had done a "fine job" having negotiated with the Government to decrease Petitioner's guideline range from a mandatory minimum sentence of twenty (20) years to a mandatory minimum sentence of ten (10) years. (ECF No. 719 at 19:24-20:3.) During Petitioner's plea hearing on January 13, 2014, Petitioner agreed that he talked with his attorney about the maximum possible punishment for the count to which he pleaded guilty. (ECF No. 721 at 18:11-20.) Petitioner also agreed that his attorney had apprised him of the the fact that he could be deported, apprised him of his constitutional rights, and apprised him of the evidence against him. (*Id.* at 18:11-20, 23:17-25.) Additionally, Petitioner stated that he was satisfied with his attorney and that there was nothing further that he wanted his counsel to do. (*Id.* at 18:25-19:25.) Further, Petitioner agreed that the evidence against him would lead to his conviction at trial which is the reason he was pleading guilty (*id.* at 52:18-53-8), and he understood that the facts presented by the government would be accepted as true (*id.* at 53:9-15).

Petitioner must present evidence that his counsel's performance fell below an objective standard of reasonableness under prevailing norms, and that but for his counsel's alleged errors and deficient performance, Petitioner would not have pleaded guilty and instead would have gone to trial. *See Brown*, 292 F. App'x at 251; *Christian*, 792 F.3d at 443. In an affidavit, Petitioner asserts that "[he] would not have pleaded guilty, but rather [sic] have insisted on going to trial except for Attorney's strong, but incorrect advice to plead guilty." (ECF No. 748 at 18 ¶ iv.) However, Petitioner's statement within his affidavit is contrary to his admission during his January 13, 2014 plea hearing in which he admitted that given the evidence against him, he thought he would be convicted if he went to trial.[4] (ECF No. 721 at 52:18-53:8.) Petitioner's statements during the plea hearing are binding absent clear and convincing evidence to the contrary. *Sanders*, 2008 WL 4279496, at *3. The court finds that there is no clear and convincing evidence which would bring into dispute the veracity of Petitioner's statements or the voluntary nature of his statements.

Petitioner pleaded guilty because of the evidence against him and admitted that he would not have gone to trial because of this evidence. (ECF No. 721 at 52:18-53:8.) Thus, Petitioner cannot satisfy the second prong of *Strickland* because Petitioner had no intention of taking this case to trial. *See Christian*, 792 F.3d at 443. Because Petitioner cannot satisfy *Strickland's* second prong, the court does not need to address whether counsel's performance fell below an objective

---

[4] At Petitioner's July 29, 2014 sentencing hearing, Defendant attempted to state his innocence and to rescind his guilty plea, but Defendant's counsel admitted that Petitioner had over one hundred pounds of marijuana, and that he "absolutely had a kilo of cocaine. And that gets him within the statutory guidelines." (ECF No. 719 at 18:10-13.) Additionally, after this admission, to ensure that Petitioner understood the charges to which he was pleading and the amounts of drugs attributed to him, the court subsequently explained to Petitioner that because Petitioner was pleading guilty to a conspiracy, he was responsible for the actions of the other defendants in the conspiracy, to which he admitted that he knew some of his co-conspirators. (*Id.* at 18:15-19:8.)

standard of reasonableness.  However, the court reiterates that Petitioner stated in his January 13, 2014 plea hearing that he was satisfied with counsel's performance and that he was aware of the consequences of pleading guilty up to and including potential deportation.  (*See* ECF No. 721 at 18:11-20, 18:25-19:25, 23:17-24:4.)

## IV. CONCLUSION

For the reasons stated above, the court **DENIES WITH PREJUDICE** Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 714.) Further, the court **DENIES AS MOOT** the Government's Motion for Summary Judgment (ECF No. 724), and **DENIES WITH PREJUDICE** Petitioner's Motion for Reconsideration (ECF No. 806).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 3, 2018
Columbia, South Carolina